**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JARED M. SMITH, # K-58441,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 18-cv-497-NJR |
| ) | |
| **IDOC,** ) | |
| **MATTHEW SWALLS,** ) | |
| **KESS ROBERSON,** ) | |
| **JOHN BALDWIN,** ) | |
| **DAVID WHITE,** ) | |
| **T. WENTWORTH,** ) | |
| **and COURTWRIGHT,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jared M. Smith, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Vienna Correctional Center ("Vienna"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants are unlawfully holding him in prison based on the 27-year sentence reflected in the "Judgment-Sentence to Illinois Department of Corrections" (Doc. 1, p. 13) dated June 24, 2010, in his criminal case, *People v. Smith*, Vermilion County Circuit Court Case No. 97-CF-570. Plaintiff points out that the sentencing report filed by the State's Attorney in his criminal case (Doc. 1, p. 12) states that he was sentenced to only twelve years on each of two counts, to be served concurrently. He claims that the mittimus transmitted to the IDOC when he was placed in IDOC custody stated he had a 12-year sentence, as the judge orally pronounced in court. (Doc. 1, pp. 26-27). Two and a half years later, however, a "different mittimus" with the 27-year sentence was submitted to the

1

Shawnee Correctional Center, where he was then confined. (Doc. 1, p. 26). He argues that the original 12-year mittimus was correct, but Defendants are relying on the 27-year mittimus, which Plaintiff claims is invalid. (Doc. 1, p. 25).

The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Before undertaking this review, however, the Court finds it necessary to revisit the matter of Plaintiff's pauper status. Upon a more complete examination of Plaintiff's litigation history, the Court concludes that he was granted leave to proceed *in forma pauperis* ("IFP") in this action (Doc. 9) in error.

## *In Forma Pauperis* Status and Strikes

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account

exceeds $10.00 until the filing fee ($350.00[1] where IFP status is granted) in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Plaintiff provided his inmate trust fund statement in response to this Court's order, and his IFP motion otherwise complied with the above requirements. He was granted leave to proceed IFP on March 14, 2018. (Doc. 9). Unfortunately, however, the Court inadvertently overlooked the fact that Plaintiff has accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the Complaint, Plaintiff accurately listed his previous lawsuits as instructed. (Doc. 1, pp. 4-9). He acknowledged that two of his previously-dismissed cases were "strikes:" *Smith v. Roberson*, Case No. 17-cv-03092-JES (C.D. Ill. dismissed Sept. 21, 2017); and *Smith v. Walsh*, Case No. 17-cv-03105-JES (C.D. Ill. dismissed Sept. 21, 2017). (Doc. 1, pp. 5-6). But when

---

[1] A litigant who does not qualify for IFP status must pay a fee of $400.00, because a $50.00 administrative fee is assessed for all non-IFP cases. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

describing the case that this Court previously informed him[2] was his third "strike," *Smith v. City of Danville, et al.*, Case No. 17-cv-2323-CSB-EIL (C.D. Ill. dismissed Jan. 5, 2018), Plaintiff states: "Court ruled in favor of plaintiff, voiding any strikes, even though do [sic] to other circumstances, the court had to dismiss the case." (Doc. 1, p. 7).

This statement is a mischaracterization of the Central District's order, if not an outright misrepresentation. In no way did that court rule "in favor of plaintiff." Instead, the court denied Plaintiff leave to proceed IFP and dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B), which directs that the court "shall dismiss" a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Invoking *Heck v. Humphrey*, 512 U.S. 477 (1994), the court stated: "Because Plaintiff cannot challenge his state conviction in this action, his complaint warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)." (Doc. 4, p. 2 in Case No. 17-cv-2323-CSB-EIL (C.D. Ill.)).

Nothing in the Central District's order "void[ed] any strikes," as Plaintiff claims. In fact, the order never uses the word "strike," and it does not state explicitly whether or not the Central District considered the dismissal to be a strike. This Court notified Plaintiff on January 29, 2018, however, that in no uncertain terms it considers the dismissal of Case No. 17-cv-2323-CSB-EIL

---

[2] On January 29, 2018, this Court denied Plaintiff leave to proceed IFP in *Jones v. IDOC, et al.*, Case No. 18-cv-142-DRH (Doc. 5 in that case). That order informed Plaintiff that the dismissal of *Smith v. City of Danville, et al.*, Case No. 17-cv-2323-CSB-EIL (C.D. Ill.) is a strike, and stated further:
> The Court assumes, without deciding, that Plaintiff either did not receive notice of his third "strike" or did not understand it to be a "strike" until after he filed this suit. For that reason, the Court does not fault him for failing to disclose this information *this time*. However, Plaintiff is WARNED that a prisoner who seeks to proceed IFP without disclosing his "strikes" is subject to sanctions. Going forward, he must disclose all of his "strikes" when bringing a civil rights action.

(Doc. 5, p. 4, n. 3, in *Jones v. IDOC, et al.*, Case No. 18-cv-142-DRH).

(C.D. Ill.) to be a strike.³ (Doc. 5, p. 4, n. 3, in *Jones v. IDOC, et al.*, Case No. 18-cv-142-DRH). Plaintiff may disagree with that conclusion, but he is not free to ignore it; likewise, he is not free to ignore this Court's clear warning in the same Order that he is obligated to disclose all of his "strikes" when bringing a new civil rights case. *Id.*

Plaintiff did not entirely comply with this Court's directive in *Jones v. IDOC, et al.*, Case No. 18-cv-142-DRH, to disclose all of his strikes in his future cases—he listed his prior cases, but his description of the dismissal of Case No. 17-cv-2323-CSB-EIL (C.D. Ill.) appears to be an attempt to conceal the status of that dismissal as a strike. Plaintiff's obfuscation, however, did not mislead the Court into granting his IFP motion; instead, that order resulted from a clerical error. As such, the Court does not find that dismissal of this action as a sanction is warranted at this time.

Having concluded (again) that Plaintiff has accumulated three strikes, the Court must consider whether Plaintiff's Complaint overcomes the three strike bar in § 1915(g) with a showing that he is under imminent danger of serious physical injury. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v.*

---

³ This Court must examine a prisoner-plaintiff's previous dismissed cases, in order to comply with the mandatory provisions of 28 U.S.C. § 1915(g). Where a dismissal order does not use the word "strike," it nevertheless will count as a strike if it was dismissed as frivolous, malicious, or for failure to state a claim. In evaluating Case No. 17-cv-2323, this Court concludes that Plaintiff's claim, which was barred by the *Heck* doctrine, was dismissed for failure to state a claim upon which relief may be granted. *See Cannon v. Newport*, 850 F.3d 303 (7th Cir. 2017) (upholding dismissal of complaint that included *Heck*-barred claim and resulted in the assessment of a "strike"); *Ward v. Akpore*, 702 F. App'x 467 (7th Cir. 2017) (upholding district court's decision to dismiss complaint at screening for failure to state a claim and to assess a "strike" because claim was *Heck*-barred).

*Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Here, the Complaint concerns only the validity of Plaintiff's 27-year sentence; this matter does not suggest any imminent danger, physical or otherwise. Although Plaintiff describes physical and other hardships which he has endured during the past three years of his incarceration and states, "I feel I am in imminent danger," (Doc. 1, pp. 28-29), he fails to set forth any factual allegations that might lead the Court to conclude that he is currently facing any imminent danger of serious physical injury.

Because Plaintiff has made no showing that will overcome the three-strike bar of § 1915(g), his IFP status in this action shall be revoked. Further, if Plaintiff files another action in this Court in which he fails to disclose that this Court has ruled that he is "struck out" as a result of the dismissal of *Smith v. City of Danville, et al.*, Case No. 17-cv-2323-CSB-EIL (C.D. Ill. dismissed Jan. 5, 2018), that action shall be subject to immediate dismissal.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's leave to proceed IFP in this action is **REVOKED**. The Order of March 14, 2018 (at Doc. 9) is **VACATED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **April 19, 2018**). If Plaintiff fails to comply with this payment order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d

1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Additionally, the Court shall order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL DISCLOSE** his complete litigation history, including the fact that this Court has determined he has incurred three strikes, in any future complaint (or amended complaint) he may file in federal court. If Plaintiff fails to comply with this order, he will be subject to sanctions as deemed appropriate by the Court, which may include the summary dismissal of any case in which he fails to disclose his prior lawsuits or his 3-strike status. *See* FED. R. CIV. P. 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 29, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**